McLaughlin v. Teasdale.

---

JOHN McLAUGHLIN, Respondent, *against* ADELINE C. TEASDALE *et al.*, Appellants.

(Decided February 2d, 1880.)

A resale of real property, sold by a referee under a judgment in an action for foreclosure of a mortgage, will not be ordered merely because the property was not sold in separate parcels, where it appears that no request to sell in parcels was made to the referee; that the referee, upon an investigation of the question, became satisfied that the property should be sold in bulk; and that the premises, although consisting of several lots, have been so built upon as really to constitute one establishment.

An arrangement by the purchaser at such a sale, with the plaintiff in the action, made before the sale, by which, in case he becomes the purchaser, the plaintiff is to take from him a mortgage upon the premises, is not a ground for ordering a resale, although the terms of sale announced by

the auctioneer contain no such privilege, if those terms are in themselves not objectionable. Such an agreement to loan does not deter others from bidding.

APPEAL from an order of this court denying a motion for a resale of premises sold under a judgment in an action for foreclosure of a mortgage.

The grounds of the motion are stated in the opinion.

*Dennis McMahon,* for appellants.

*Sacketts & Lang,* for respondent.

*George A. Black,* purchaser, in person.

VAN BRUNT, J.—I am unable to see any ground for ordering a resale of the premises in question.

That they were not sold in separate parcels, it seems to me cannot be a valid objection, because no request to sell in parcels was made to the referee; because the referee investigated the question as to the advisability of selling in parcels and became satisfied that it should be sold in bulk; and because the premises, although consisting of several lots, seem to have been so built upon as really to constitute one establishment.

The objection that the purchaser had an arrangement with the plaintiff to take a mortgage upon the premises in case he became the purchaser, whereas the terms of sale announced by the auctioneer contained no such privilege, seems to be untenable.

The plaintiff might well be willing to make a loan upon the premises if one person bought, which he would be entirely unwilling to make if another person bought. The terms announced by the auctioneer were such as the plaintiff had the right to exact, and this agreement to loan in case one particular person bought did not deter any person from bidding upon the sale. I think, therefore, that the order appealed from should be affirmed, with costs and disbursements.

CHARLES P. DALY, Ch. J., concurred.

Order affirmed, with costs.